JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Comcast Cable Communications Management, LLC

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Griesing Law, LLC
Francine Friedman Griesing
1717 Arch Street, Suite 3630, Philadelphia, PA 19103; 215.618.3720

## DEFENDANTS
DB Transit

County of Residence of First Listed Defendant   Seminole
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  |  | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of Contract - Damages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**   250,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   9-4-14
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: **federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **One Comcast Center, Philadelphia, PA 19103**

Address of Defendant: **1809 East Broadway Road, Suite 339, Oviedo, FL 32765**

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Francine Friedman Griesing**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **9-4-14**   **Franince Friedman Griesing**   **48982**
                    Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **9-4-14**   **Francine Friedman Griesing**   **48982**
                    Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC | : | CIVIL ACTION |
| v. | : | |
| DB Transit | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| September 4, 2014 | Francine F. Griesing | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.618.3720 | 215.814.9049 | fgriesing@griesinglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)    Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)    Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC<br>One Comcast Center<br>Philadelphia, PA 19103<br>　　　　v.<br><br>DB TRANSIT<br>1809 East Broadway Road<br>Suite 339<br>Oviedo, FL 32765 | CIVIL ACTION<br><br>NO. |

## CIVIL COMPLAINT

Plaintiff, Comcast Cable Communications Management, LLC ("Plaintiff" or "Comcast"), by and through its undersigned counsel, hereby files this Complaint for breach of contract against Defendant DB Transit ("Defendant" or "DB") and avers as follows:

### Parties

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at One Comcast Center, Philadelphia, Pennsylvania 19103.

2. Defendant is a limited liability company organized and existing under the laws of the State of Florida, having a principal place of business at 1809 East Broadway road, Suite 339, Oviedo, Florida 32765.

### Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 by virtue of complete diversity of citizenship and because the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims stated in this Complaint occurred in this district and the subject agreement between the parties expressly provides that "all legal proceedings between the Parties arising out of this Agreement, or breach thereof, shall be in the state or federal court with competent jurisdiction."

5. Defendant is subject to personal jurisdiction by virtue of, among other things, agreeing to be subject to suit in state or federal court in Philadelphia County, Pennsylvania.

### The Parties' Agreement

6. Comcast is, among other things, in the business of providing Internet protocol ("IP") backbone transport and other related services.

7. Upon information and belief, DB is in the business of providing network and colocation solutions for businesses.

8. On April 18, 2011, DB entered into a Master IP Backbone Services Agreement (the "Agreement") with Comcast, effective as of April 1, 2011 and as amended November 28, 2012, pursuant to which Comcast provided DB with IP backbone transport and other related services (jointly referred to herein as the "Services").

9. Comcast provided the Services to DB pursuant to a Schedule as defined in the Agreement.

10. The initial term of the Agreement was for thirty-six (36) months, from April 1, 2011 through March 31, 2014.

11. By way of the November 28, 2012 amendment, a Schedule 2 Term superseded the initial term. The Schedule 2 Term extended twenty-four (24) months, from November 1, 2012 through October 31, 2014, and was to automatically renew unless thirty (30) days prior written notice was provided by either party.

12. From April 1, 2011 through September 2013, the agreed upon services were provided by Comcast and paid for by DB in accordance with the Agreement.

13. From service month October 2013 through service month April 2014, DB failed to make the scheduled and required payments owed to Comcast under the Agreement.

14. Specifically, DB failed to remit payment of $40,000.01 for each of October 2013 (invoice no. 417085), November 2013 (invoice no. 417958), December 2013 (invoice no. 419220), January 2014 (invoice no. 419863), February 2014 (invoice no. 420690), March 2014 (invoice no. 421649), and April 2014 (invoice no. 422848).

15. Section 8.2(a) of the Agreement states, "Comcast may terminate the Service or this Agreement without further notice if […] (a) Company is in material breach of this Agreement, including without limitation by failure to: (1) pay any amounts owing in accordance with the Agreement[.]"

16. In a letter dated April 29, 2014, Comcast notified DB that due to DB's breach, and in accordance with Section 8.2(a) of the Agreement, Comcast had terminated the Agreement and all services provided under the Agreement.

17. In the same correspondence, Comcast notified DB that it had applied the security deposit on file of $41,250.00 to DB's outstanding balance. The amount of $40,000.01 was applied to invoice number 417085 for service month October 2013 and the amount of $1,249.99 was applied to invoice number 417958 for service month November 2013.

3

18. Therefore currently, there is no balance for service month October 2013, and there is a reduced balance of $38,750.02 for service month November 2013.

19. There is currently a balance of $40,000.01 for each of the service months December 2013 through April 2014.

20. As of the day of this filing, DB has remitted no payment to Comcast for these unpaid balances.

21. Under section 6.3 of the Agreement, Comcast is entitled to interest on any late payments by DB to be calculated daily from the payment due date until the date of payment at a rate of 12% per annum (or the highest rate allowable by Applicable Law, whichever is less.)

22. Under section 6.3 of the Agreement, Comcast is also entitled to all reasonable costs incurred by Comcast including legal fees in the collection of any payment not received by the due date.

23. Pursuant to the Agreement, DB currently owes Comcast $238,750.07 in missed monthly payments, plus $11,637.13 in interest through August 31, 2014, for a total of $250,387.20 and interest continues to accrue. (A true and correct copy of Promissory Note – Interest Calculation is attached hereto as Exhibit "A.")

24. Pursuant to Section 6.1 of the Agreement, all invoices are deemed to be accepted by DB Transit unless DB notifies Comcast of any good faith dispute within 30 days of receipt of such invoice.

25. DB has received regular invoices from Comcast and has not disputed or even questioned Comcast with respect to any amount owed.

26. Section 8.5 of the Agreement states that "termination of the Agreement shall not affect the rights of the Parties that have accrued prior to the date of termination of this Agreement."

27. Pursuant to the Agreement, if Comcast is forced to take legal action to recover amounts due from DB, Comcast is also entitled to recover its legal fees and expenses.

WHEREFORE, Comcast hereby requests judgment in its favor and as against DB, together with attorney's fees, interest, costs, and penalties and other relief as the Court may deem necessary.

## Count I – Breach of Contract

28. Plaintiff hereby incorporates by reference the averments in paragraphs 1 - 27 above as if set forth fully herein at length.

29. Comcast met its obligations of providing IP backbone transport and other related services under the Agreement with DB. However, DB has failed to perform its payment obligations under the Agreement.

30. DB's failure to perform its payment obligations is without excuse or justification.

31. As a direct, proximate and reasonably foreseeable result of DB's failure to perform, Comcast has suffered damages totaling $250,387.20 which includes interest through August 31, 2014.

WHEREFORE, Comcast requests that this Court enter judgment in its favor and against Defendant DB as follows:

(a) Awarding Comcast compensatory damages in an amount in excess of $238,750.07, plus interest, to be determined at the trial of the above-captioned matter;

(b) Awarding Comcast its attorneys' fees and costs incurred in bringing the above-captioned matter; and

(c) Awarding Comcast such other and further relief as it deems just and appropriate.

        Respectfully submitted,

        GRIESING LAW, LLC

By:   Francine Friedman Griesing, Esq.
      Ashley Kenney Shea, Esq.
      PA Identification Nos. 48982, 314114
      1717 Arch Street
      Suite 3630
      Philadelphia, PA 19103
      (215) 618-3720
      (215) 814-9049 [fax]
      fgriesing@griesinglaw.com
      ashea@griesinglaw.com
      www.griesinglaw.com

        **Attorneys for Plaintiff**

Dated: September 4, 2014

# EXHIBIT A

Comcast Wholesale
DB Transit
Promissory Note - Interest Calculation
August 31, 2014

Interest Rate: 12%

| Customer Number | Customer Name | Customer PO Number | Document Number | Document Date | Due Date | Current Trx Amount | Days Past Due | Interest |
|---|---|---|---|---|---|---|---|---|
| DBT200 | DBTransit | NOV13 IP TRANSP | 417958 | 12/17/2013 | 1/16/2014 | $ 38,750.02 | 227 | $ 2,891.92 |
| DBT200 | DBTransit | DEC13 IP TRANSP | 419220 | 1/22/2014 | 2/21/2014 | $ 40,000.01 | 191 | $ 2,511.78 |
| DBT200 | DBTransit | JAN14 IP TRANSP | 419863 | 2/18/2014 | 3/20/2014 | $ 40,000.01 | 164 | $ 2,156.71 |
| DBT200 | DBTransit | FEB14 IP TRANSP | 420690 | 3/19/2014 | 4/18/2014 | $ 40,000.01 | 135 | $ 1,775.34 |
| DBT200 | DBTransit | MAR14 IP TRANSP | 421649 | 4/21/2014 | 5/21/2014 | $ 40,000.01 | 102 | $ 1,341.37 |
| DBT200 | DBTransit | APR14 IP TRANSP | 422848 | 5/20/2014 | 6/19/2014 | $ 40,000.01 | 73 | $ 960.00 |

Total AR  $ 238,750.07     Interest  $ 11,637.13

Total Amount Owed  $ 250,387.20